IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF DELAWARE | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 2:19-cv-02430-JMY |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | : |
| Defendant. | : |

**ORDER**

AND NOW, this _14th_ day of _July_, 2020, the Court enters the following Order regarding the matters discussed during the telephonic status conference held by the Court on July 9, 2020, and upon the agreement of counsel:

(1) Because counsel for Defendant, Travelers Property Casualty Company of America, made the express, affirmative representation that all documents relating to the underwriting of the property insurance policy that listed the parking garage at issue in this case in the Location Schedule to the Deluxe Property Coverage Form to the insurance policies issued for the policy periods of June 26, 2016 to June 26, 2017, June 26, 2017 to June 26, 2018, and June 26, 2018 to June 26, 2019 (the "Policies) have been produced, Plaintiff's Second Motion to Compel and For Sanctions (the "Second Motion") was deemed as **MOOT** on this issue, and the Clerk is hereby directed to **DISMISS** the Motion docketed at **ECF No. 36**;

(2) After the conference, Travelers located additional documents related to the underwriting of the Policies which counsel for Travelers brought to the Court's attention on July 10, 2020. By July 16, 2020, Travelers will produce these documents together with a client affidavit confirming all documents relating to the

underwriting of the property insurance policies covering the parking garage have been produced.

(3)     If the County subsequently demonstrates that Travelers has failed to produce any responsive documents, which were sought through the Second Motion to Compel and for Sanctions, the County is entitled to an adverse inference regarding the subject matter to which the documents relate;

(4)     Travelers shall pay to the County the sum of $10,000 of the costs incurred by the County in seeking to compel production of the documents through the First and Second Motions to Compel, which payment shall be made within fourteen days of Travelers' receipt of a Form W-9;

(5)     Plaintiff County of Delaware's Second Motion was granted to the extent it seeks the production of reserve information (Request No. 15), but Defendant Travelers need only produce such information if and when the case proceeds past the summary judgment stage;

(6)     The parties shall proceed to schedule the remaining depositions forthwith and in accordance with the Amended Scheduling Order to be issued by the Court. Travelers' Motion to Compel depositions was therefore deemed **MOOT**, and the Clerk is hereby directed to **DISMISS** the Motion docketed **at ECF No. 44**;

(7)      Plaintiff County of Delaware's expert report deadline will be deemed to be ten days after receiving the deposition transcripts of the remaining Travelers fact witnesses, namely Patrick List, Christopher Hopkins and Travelers' corporate representative(s); and

(8) Within five days of the July 9, 2020 status conference, Plaintiff County of Delaware shall identify to Defendant Travelers the witness(es) Plaintiff intends to make available for deposition in response to Defendant's 30(b)(6) deposition notice.

**IT IS SO ORDERED.**

                                            **BY THE COURT:**

                                            **/s/ John Milton Younge**
                                            **JUDGE JOHN MILTON YOUNGE**