IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF DELAWARE, | : |
| Plaintiff, | : |
| v. | : Case No. 2:19-cv-02430-JMY |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | : |
| Defendant. | : |

### DEFENDANT'S PRETRIAL MEMORANDUM

Defendant, Travelers Property Casualty Company of America ("Travelers"), by and through their attorneys, Butler Weihmuller Katz Craig LLP, files this pretrial memorandum pursuant to the Court's March 12, 2021 Order.

**1.      Nature of the Action and Basis of Jurisdiction**

Plaintiff, County of Delaware (the "County"), seeks coverage under an insurance policy issued by Travelers for damage to a municipal parking garage that occurred on July 27, 2018, when a decorative concrete panel fell on the top-level parking deck. Travelers denied the claim because the policy excludes losses due to deterioration, rust or corrosion and Travelers' investigation found that no exceptions to these exclusions apply.  The County contends that the incident falls within an exception for "abrupt collapse" that covers building collapse due to decay that is hidden from view.  Travelers' position is that (1) the collapse was not caused by decay but, rather, rust and corrosion; (2) the rusted steel connection that failed was not hidden from view; and (3) the County was aware of the threat of damage from extensive rust and corrosion of welded steel connections in the garage for years before the incident.  In fact, the County already had

plans to replace the garage before the incident and its claim consists not of the cost to repair the failed panel but, rather, pre-loss estimates to replace the garage and two adjoining buildings in their entirety.

The County seeks a declaratory judgment (Count I) that Travelers must indemnify it under the terms of the policy and asserts Breach of Contract (Count II), statutory bad faith pursuant to 42 Pa. Cons. Stat. § 8371 (Count III), and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count IV) for Travelers' denial of coverage. The basis for this Court's jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332.

### 2. Brief Statement of Facts

#### A. The Policy

Travelers issued the County a commercial property insurance policy, Policy No. 630-1H967220-TIL-18, with a policy period from June 26, 2018 to June 1, 2019 ("Policy"), insuring multiple county buildings, including the Orange Street Garage, located at 201 West Front Street, Media, PA 19063; the Sweeney Building, located at 311 W. Front Street, Media, PA 19063; and the Toal Building, located at 20 North Orange Street, Media, PA 19063.  The Policy's Deluxe Property Coverage Form states that Travelers "will pay for direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss."  Covered Cause of Loss means risks of direct physical loss unless the loss is excluded or limited by the Policy.

Among other things, the Policy excludes loss or damage caused by or resulting from collapse, including: (a) an abrupt falling down or caving in; (b) loss of structural integrity, including separation of portions of the property in danger of falling down or

caving in; or (c) any cracking, bulging, sagging, bending, leaning, settling, shrinkage, or expansion as such condition relates to (a) through (c).  Despite the exclusion, the Policy provides additional coverage for an "abrupt collapse."  "[A]brupt collapse means abrupt falling down or caving in of a building or any portion of a building with the result that the building or portion of the building cannot be occupied for its intended purpose."  Relevant to this case, the provision covers direct physical loss of or damage to Covered Property caused by an abrupt collapse that is caused by "[b]uilding decay that is hidden from view, unless the presence of such decay is known to an insured prior to collapse."

### B. The Loss

On July 27, 2018, a non-structural roof panel fell onto the top level of the parking deck of the garage.  Travelers' engineering consultant described the cause of the incident as follows:

> At each structural beam end, there are two bottom weld connections and one top weld connection. The top weld at the east support beam was particularly corroded and deteriorated due to long-term weathering exposure and fatigue cracking from cyclic thermal panel expansion/contraction movements. The top weld at the west side of the panel was also deficient. These welds failed due to longer-term cyclic thermal-related movements and long-term corrosion, causing the precast roof panel to lean outwards and fall. The bottom welds were also corroded.

Plaintiff's expert also summarized the cause of the event:

> An 8-inch thick by 4 foot 6 inch high by 48 foot long pre-cast concrete spandrel beam (estimate weight over 10 tons) fell from the north end of high roof above the Orange Street side ramp onto the main roof level below . . . . Upon impact, each end of the spandrel penetrated the flanges of the pre-cast concrete T's below depositing debris onto the second level of the garage . . . ."

At his deposition, Plaintiff's expert testified that he did not observe any impact damage from the spandrel falling to any other area of the garage.

Following the incident, Travelers hired construction consultant J.S. Held along with its engineering consultant to inspect the garage. JS Held estimated that the cost to repair the damage to the garage from the failed beam was $170,257, and it was determined that the structural repair could have been performed within a reasonable time without closing the garage.

The County also hired a structural engineering firm to inspect the garage and they observed the following about the event:

> PVE observed that visible structural damage was done to the slab, girders, and tee-beams near the spandrel impact. Select 3rd floor concrete structural elements were sounded from the second floor, directly beneath the area of impact, revealing the likelihood of delamination and debonding between concrete and steel reinforcement within these beams and girders. Neither the extent of delamination nor the exact cause could be determined with certainty during the September 17th visit . . . .

**C. The County's Knowledge of Existing Problems**

Plaintiff's construction expert testified at his deposition that the event was symptomatic of the deteriorated conditions that he had noticed back in 2016 when his consulting firm was hired to perform planning and predesign services related to the demolition and replacement of the parking garage and adjacent buildings, which were memorialized in a November 30, 2016 Programming Report. Per the report, "[t]he Delaware County Council members recognized that the existing office buildings and parking garage directly west of the County Courthouse and Government Center were functionally obsolete and in deteriorated condition." The report also noted that "major

4

structural deficiencies have been detected," which, according the testimony Project Manager for the Public Works Department, referred to "the condition of the beams and columns throughout the building . . . and the continued maintenance of them."

In fact, the County was aware of structural issues with the parking garage as early as 2013.  On August 9, 2013, a concrete spandrel beam at the top deck level of the garage was observed to be "leaning outward significantly" and, according to the structural engineering firm hired to inspect the beam, the situation was "dangerous requiring immediate action."  Indeed, the engineering firm found, among other things, that "the beam was in such a fragile state that collapse was imminent."

While the beam was ultimately removed, the structural engineering firm conducted a visual review of existing structural elements at all levels of the garage over several days in August and September 2013, which included a review of the "pre-cast double tees, pre-cast spandrel beams and girders, pre-cast and cast-in-place columns, cast-in-place walls, and concrete masonry unit (CMU) and brick walls."  The structural engineering firm's findings were memorialized in a "Preliminary Structural Engineering Condition Evaluation" dated October 3, 2013 and addressed to the County's Director of Public Works.  The report specifically detailed the deficiencies with the garage:

> During our survey of the parking garage we observed many deficiencies, which included spalled concrete, exposed reinforcing bars, exposed wire pre-stress strands, crack in concrete, out-of-plumb spandrel beams, broken welds, detached steel weld plates, deteriorated steel connections, cracks in the brick masonry, and displaced brick masonry.

At his deposition, the structural engineer testified that these observations referred to the entire parking garage.  Despite the findings and statements in the report that these issues

5

had to be addressed – some immediately and some over time – the structural engineering firm never prepared formal restoration documents for the County.

On February 28, 2014, the structural engineering firm issued the "Delaware County Orange Street Parking Garage Assessment," which was presented to the then Director of Public Works. The report noted that a "structural condition assessment was completed by this office in which we concluded that the garage is in below average condition and in need of significant restoration." The report further noted that "[t]he objective of this report is to provide the necessary information to the Owner to develop a course of action to restore the garage." Similar to the first report, the assessment detailed the deteriorated condition of the garage and noted that the estimated cost of repairs was $6,752,900. Despite this, the only evidence of repairs after the 2014 assessment was issued are the removal of loose concrete debris, including the underside of the roof level and underside of the first floor; removal of a large piece of concrete from the underside of the roof; the installation of new support brackets at the first level; and repairs to the double tees in the area of the garage over second street on the second level.

On March 14, 2018, the structural engineering firm submitted a presentation to the County again detailing the condition of the parking garage. The presentation included the following statements:

- The condition of the garage is considered poor and has well outlived the expected design life;

- Both immediate and near future funding is required to ensure the safety of the structure;

- During our survey of the parking garage we have observed many deficiencies including spalled concrete, exposed reinforcing bars, exposed wire pre-stress strands, crack in

      concrete, out-of-plumb spandrel beams, broken welds, detached steel weld plates, deteriorated steel connections, cracks in brick masonry and displaced brick masonry; and

- These deficiencies impact the structural integrity and stability of the structure resulting in safety concerns.

The structural engineer testified that all of the deficiencies noted in the presentation impacted the structural integrity and stability of the garage. However, the 2018 Director of Public Works and designee of the County in this case testified that the County did not obtain any funding to ensure the safety of the parking garage in 2018, did not shutter any sections of the garage, and did not undertake any actions with regard to the safety of the garage in response to the March 18, 2018 presentation.

The County now seeks to recover demolition costs for the parking garage and two adjacent buildings along with the cost to replace all three buildings (estimates which it had already solicited in advance of the loss), claiming that the deterioration to the garage constitutes "decay" and that deterioration was "hidden" for the purposes of the "abrupt collapse" provision of the Policy.

**3.   List of All Monetary Damages Claimed**

The County seeks to recover $32,589,630 for the demolition and replacement of the parking garage and Toal and Sweeney buildings.

**4.   Witnesses Expected to be Called at Trial**

Travelers reserves the right to call the following witnesses at trial:

<u>Defense Expert Witness</u>

1. Harald Greve, P.E.
   Applied Engineering & Technology, P.C.
   196 Tamarack Circle
   Skillman, NJ 08558

   Expected testimony: Cause and origin of the loss; alleged damage to the parking garage; and scope of repair

2. Joshua Cropp, Senior Consultant, MBA-CM, AC
   J.S. Held LLC
   1845 Walnut Street, Suite 2300
   Philadelphia, PA 19103
   Expected testimony: Alleged damage to the parking garage and scope of repair

3. Dale S. Frediani, Sr., Principal
   RMG Consulting LLC
   1280 Route 46
   Parsippany, NJ 07054
   Expected testimony: Travelers' claims handling

Defense Fact Witnesses

1. Patrick List
   Travelers
   Expected testimony: Travelers' adjustment of the claim and basis for claim denial

2. Christopher Hopkins
   Travelers
   Expected testimony: Travelers' adjustment of the claim and basis for claim denial

3. Dan McLaughlin
   Travelers
   Expected testimony: Travelers' adjustment of the claim and basis for claim denial

4. Cynthia Figueroa-Hernandez
   Travelers
   Expected testimony: Travelers' underwriting of Plaintiff's account

Plaintiff's Representatives

1. Tom Micozzie
   County of Delaware
   Expected area of questioning: History and condition of parking garage; planned demolition and replacement of parking garage; and claimed damage

2. Darryl Harris
   County of Delaware
   Expected area of questioning: History and condition of parking garage; planned demolition and replacement of parking garage; and claimed damage

3. Jacob A. Bierling, Jr.
   County of Delaware
   Expected area of questioning: History and condition of parking garage; planned demolition and replacement of parking garage; and claimed damage

4. Dennis Carey
   County of Delaware
   Expected area of questioning: History and condition of parking garage; planned demolition and replacement of parking garage; and claimed damage

5. John McBlain
   County of Delaware
   Expected area of questioning: History and condition of parking garage; planned demolition and replacement of parking garage; and claimed damage

6. Brando Waldo
   Arthur J. Gallagher Insurance Agency
   40 W. Front Street
   Media, PA
   Expected area of questioning: Plaintiff's claim submission and underwriting submissions

Other Parties

1. Joseph Barbato, P.E.
   Joseph Barbato Associates, LLC
   6 Dickinson Dr # 103
   Chadds Ford, PA 19317
   Expected area of questioning: History and condition of parking garage and claimed damage

2. Steven Burke
   Joseph Jingoli and Son, Inc.
   100 Lenox Drive, Suite 100
   Lawrence Township, NJ 08648
   Expected area of questioning: Planned repairs; damage; and renovations to parking garage

   **5.    Deposition Designations**

   Travelers reserves the right to introduce the following deposition testimony at the time of trial:

   (a) Deposition of Daniel McLaughlin, 55:18 to 56:6;

(b) Deposition of Darryl Harris, 12:8 to 13:1, 30:10 to 32:9, 42:10 to 46:22, 50:23 to 52:16, 53:3-21, 56:2-13, 80:21 to 81:2;

(c) Deposition of Harald Greve, 121:24 to 122:5, 140:2-11;

(d) Deposition of Jacob Bierling, 22:7 to 23:16, 106:9-11, 111:5 to 113:6;

(e) Deposition of Joseph Barbato, 39:5 to 43:22, 44:2-8, 46:16 to 47:18, 48:3-16, 48:22 to 49:24, 52:18-24, 56:3-10, 61:10-24, 62:6-8, 67:4-19, 68:14 to 69:4, 69:17-23, 72:16 to 73:13, 89:9-24, 90:7-22, 92:24 to 93:21, 94:19 to 95:23, 96:4-8, 105:13-18, 107:11-15;

(f) Deposition of Joshua Cropp, 82:20 to 83:25;

(g) Deposition of Patrick List, 46:16 to 47:10, 67:10-15, 111:4-11, 130:1-17, 131:11-13, 132:1-12, 133:18 to 134:8, 137:8 to 138:6, 142:23-24, 143:1-4, 149:5-8, 193:19-23, 219:1-6, 233:9 to 234:11;

(h) Deposition of Steven Burke, 11:8 to 12:8, 16:17-22, 20:2-24, 24:15-27, 27:13-24, 31:8-14, 37:1-21, 41:4 to 43:4, 54:23 to 55:2; and

(i) Deposition of Thomas Micozzie, 25:23-24, 26:1-4.

**6.     Schedule of All Exhibits**

A schedule of Exhibits is attached hereto as Exhibit A. Travelers reserves the right to amend this list.

**7.     Estimated Number of Trial Days**

It is estimated that trial will last 10 days.

**8.     Other Issues**

Both parties' motions for summary judgment are currently pending before the Court. Additionally, Travelers' motions in limine to exclude certain expert testimony and preclude certain expert opinions were dismissed without prejudice with leave to renew, if necessary, following the Final Pretrial Conference.

                                                          Respectfully submitted,

                                                          BUTLER WEIHMULLER KATZ CRAIG LLP

                                                          <u>s/Richard D. Gable, Jr.</u>
                                                          RICHARD D. GABLE, JR., ESQ.
                                                          rgable@butler.legal
                                                          ADAM B. MASEF, ESQ.
                                                          amasef@butler.legal
                                                          1818 Market Street, Suite 2740
                                                          Philadelphia, Pennsylvania 19103
                                                          Telephone:  (215) 405-9191
                                                          Facsimile:  (215) 405-9190
                                                          *Attorneys for Defendant, Travelers Property*
Dated:  <u>April 5, 2021</u>                     *Casualty Company of America*

**CERTIFICATE OF SERVICE**

I, Richard D. Gable, Jr., do hereby certify that on this 5th day of April, 2021, a true and correct copy of Defendant's Pretrial Memorandum, electronically filed this day, will be served upon all counsel of record via the Court's Electronic Filing System.

s/Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.